IRA HONEYCUTT v. THE STATE.

No. 3474.   Decided February 7, 1906.

**Aggravated Assault—Evidence—Bill of Exceptions—Impeachment.**

Upon an appeal upon a conviction of aggravated assault where the bill of exceptions did not show that the injury complained of by prosecuting witness was inflicted upon her by herself in striking a third party with her fist and not by the defendant, and the rejected testimony could not have been used for the purpose of impeachment, there was no error.

Appeal from the County Court of Johnson.   Tried below before Hon. J. B. Goldsmith.

Appeal from a conviction of aggravated asasult; penalty, a fine of $50. The opinion states the case.

*Walker & Baker,* for appellant.

*Howard Martin,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—This conviction is for an aggravated assault, the fine being $50.

The first bill shows that after Claudie Honeycutt had testified on direct examination by the State, that she met defendant in the street near the railway track between 6 and 7 o'clock in the evening, and that defendant took hold of her right hand with his left hand, and hold of her left hand with his right, and that he squeezed her right hand and twisted the same so badly that her hand and wrist hurt her so badly; that her wrist and lower part of her right arm swelled and got red, and that her wrist was swollen so badly and hurt so much the next day, that she could not wash.   After Claudie Honeycutt had stated on cross-examination by the defendant, that she did not strike the witness, Mrs. M. M. Honeycutt, in the face or anywhere else with her right hand, the night following the alleged assault, defendant offered to prove by Mrs. M. M. Honeycutt that the night following the alleged asasult, and about two hours after the occurrence of the alleged incident near the railway track, the prosecuting witness Claudie Honeycutt, came to her house and struck her in the face with her right hand with such force as to stagger her, the said Mrs. M. M. Honeycutt; that said Claudie Honeycutt nearly knocked her down with said blow.   To the introduction of said testimony, the State by its attorney objected, for the reason that it was immaterial, and defendant's counsel thereupon stated to the court that the testimony was offered as a circumstance tending to show that the hand and wrist of the prosecuting winess were not injured as claimed by her, and that if her wrist or arm was swollen the day after the alleged assault, the same was caused by striking Mrs. M. M. Honeycutt, and not by defendant.   This evidence

was inadmissible. Bill number 2 shows that similar testimony was offered in behalf of appellant. We do not think any of this testimony was admissible. The mere fact that prosecuting witness had a difficulty with her mother-in-law, after the injury was done to her person by appellant, would not be admissible for any purpose, unless it shed some light upon the previous difficulty. The mere fact that prosecuting witness struck Mrs. M. M. Honeycutt (her mother-in-law) with her fist, would not per se be admissible, unless the bill of exceptions had shown that the injury complained of by prosecuting witness was inflicted upon her by said blow. The bill does not show that the injury she complained of was so inflicted. This testimony would not be admissible for the purpose of impeachment, because it would be an impeachment upon an immaterial matter—it being immaterial about her having a fight with her mother-in-law. She having denied said fight, it would not be proper to prove the fact that said fight occurred. The judgment is affirmed.

*Affirmed.*